```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION

ANDREW S. DONAHOU                                       PLAINTIFF

v.                       CASE NO. 06-6070

PRESIDENTIAL LIMOUSINE AND
AUTO SALES, INC., PRESIDENTIAL
FINANCIAL, INC., and individually
RONNIE UPTON, JR.,                                      DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this case against Defendants under an installment contract to purchase a 2000 Chevrolet S-10 4x4 pickup truck. Plaintiff purchased the vehicle from Defendant Presidential Limousine and Auto Sales, Inc. on June 9, 2006. Ronnie Upton Jr. is the agent and president of Presidential Auto Sales and the incorporator/organizer of Presidential Financial, Inc. The record is unclear whether Plaintiff financed the vehicle through Presidential Financial, Inc. The Complaint alleges Plaintiff was unable to make payments on the vehicle because of his military duty and the vehicle was repossessed. Plaintiff enlisted in the military on January 18, 2006, but it was in a Delayed Entry/Enlistment Program (DEP) and he was not required to report for duty until August 14, 2006.

The Plaintiff alleges the Servicemembers Civil Relief Act applies because he did not begin his military service until August 14, 2006. Under Plaintiff's theory, the vehicle was illegally repossessed because there was no court order for its repossession,

as required under the Servicemembers Civil Relief Act. Defendants argue Plaintiff began his miliary service on January 18, 2006 and the Servicemembers Civil Relief Act does not apply to the truck purchase.

The case is before the Court on three motions for Summary Judgment. Separate Defendant, Presidential Financial, Inc. requests Summary Judgement alleging it was not involved in any way in the incidents which form the basis for Plaintiff's Complaint (Doc. 18). All Defendants seek Summary Judgment on Plaintiff's claims contending the Servicemembers Civil Relief Act does not apply (Dco. 21), while Plaintiff has filed a cross-motion for Summary Judgment contending it does (Doc. 27).

Defendants joint motion for Summary Judgment and the Plaintiff's motion for Summary Judgment all revolve around one issue; i.e., when did Plaintiff enter military service? The Servicemembers Civil Relief Act only applies to contracts entered into before military service. Thus, if Plaintiff entered military service at the time of his enlistment, there would be no protection by the Servicemembers Civil Relief Act for the subsequently entered contract. However, if Plaintiff did not enter military service until his active duty date, there would be protection under the Service Members Civil Relief Act.

**Summary Judgment Standard**

In determining whether summary judgment is appropriate, the

facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). If the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which it will bear the burden of proof at trial, then the defendant is entitled to judgment as a matter of law and all other facts are rendered immaterial. *See Thelma D. By Delores A. v. Bd. of Educ.*, 934 F.2d 929, 932 (8th Cir. 1991).

**Servicemembers Civil Relief Act**

The Servicemembers Civil Relief Act of 2003 (SCRA) formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA) is a federal law that provides all military members with important rights. The SCRA is a federal statute that allows military members to suspend or postpone some civil obligations so the military member can devote his or her full attention to military duties. The original Soldiers' and Sailors' Civil Relief Act was passed during World War I. The statute was reenacted during World War II, and was modified during Operation Desert Storm. The SCRA amended the Soldiers' and Sailors' Civil Relief Act and was

signed into law on December 19, 2003 as Public Law 108-189, 50 United States Code Appendix Sections 501-593.

**Discussion**

**Motion for Summary Judgment of All Defendants**

The SCRA defines military service as "active duty" for a servicemember who is a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard.  50 U.S.C. App. 501, Section 101(2).  Active duty is defined as "full-time duty in the active military service of the United states.  Such term includes full-time training duty, annual training duty. . .."  10 U.S.C. § 101(d)(1)(as referenced in 50 U.S.C. Appx. 501, Section 101 (2)).

Under this definition, it would appear Plaintiff must be on active duty to be in "military service."  However, Section 101(2)(c) also defines "military service" as "any period during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause."  Defendants contend that the DEP is "leave, or other lawful cause" and Plaintiff was in military service following his enlistment.  Defendants point to the language of Plaintiff's enlistment in the DEP to further strengthen their argument.  The enlistment document states the time Plaintiff is in the DEP "is counted toward fulfillment of [Plaintiff's] military service obligation or commitment." (Doc. 22, Ex. A).

The legislative intent of SCRA would dictate a finding of "military service" to be "active duty."  The concerns which the

SCRA addresses, namely financial stresses which may befall military servicemen and women, only arise once the servicemember is in active duty.  Plaintiff, at the time of his enlistment in DEP, was able to have a full-time civilian job.  As a practical matter, he had not been issued a military ID, no uniforms, and was not otherwise prepared for any military duties.  Plaintiff only had the promise of service for his country and like many other service members, the civilian jobs and paychecks ceased upon entering active duty.

The definition of "military service" also dictates an interpretation of "active duty" as "full-time" duty.  Although in Section 101 there are provisions for military service to include times of "leave" or other absences for "lawful cause," these do not appear to include the DEP program. Section 101(2)(c) specifically states absences such as "sickness" and "wounds" which make a servicemember "absent from duty."  The section, by utilizing such language, implies an exemption from active duty, not an exemption before a servicemember's active duty has begun.  Accordingly, the broad inclusion of "other lawful cause" in the same section should not be read to encompass the DEP program. Defendants' Motion for Summary Judgment is DENIED and Plaintiff's Motion for Summary Judgment as to Defendants Presidential Limousine and Auto Sales, Inc. and Ronnie Upton, Jr. is GRANTED. Given the following ruling concerning Defendant Presidential Financial, Inc., Plaintiff's

Motion for Summary Judgment is DENIED as to Defendant Presidential Financial, Inc.

### **Motion for Summary Judgment by Presidential Financial, Inc.**

Defendant Presidential Financial, Inc. has filed a separate Motion for Summary Judgment (Doc. 18), stating it was not a party to the transaction at issue in this case.  Plaintiff has not responded to Presidential Financial's Motion for Summary Judgment and has not disputed the facts as stated by Presidential Financial. Accordingly, Presidential Financial's Motion for Summary Judgment (Doc. 18) is GRANTED.

**Conclusion**

For the reasons stated above, the Motion for [Partial] Summary Judgment by Presidential Limousine and Auto Sales, Inc., Presidential Financial, Inc, and Ronnie Upton, Jr. (Doc. 21)is DENIED.

The Counter Motion for [Partial] Summary Judgment by Plaintiff (Doc. 27) is GRANTED as to Defendants Presidential Limousine and Auto Sales, Inc. and Ronnie Upton, Jr.

The Motion for Summary Judgment by Presidential Financial, Inc. (Doc. 18) is GRANTED.

As the Motions for Summary Judgment by Presidential Limousine and Auto Sales, Inc., Presidential Financial, Inc., and Ronnie Upton, Jr., (Doc. 21) as well as the Motion for Summary Judgment by Plaintiff (Doc. 18) do not address the issue of damages, but only

of the issue of liability, this case shall remain set for a jury trial commencing October 1, 2007 unless the parties advise the Court that a bench trial is requested or that a settlement has been reached.

IT IS SO ORDERED.

Dated:   April 24, 2007

/s/ Robert T. Dawson  
Robert T. Dawson  
United States District Judge